Charles H. RUBY, as President of the Air Line Pilots Association, International, and Air Line Pilots Association, International, an unincorporated association, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Defendant,

and

Nicholas J. O'Connell, Jr., individually and as Chairman of the Master Executive Council of the pilots in the service of American Airlines, Inc., and the Negotiating Committee of said pilots, consisting of Richard Lyons, et al., Additional Defendants, ex officio,

and

Joseph V. Manning, as President of the American Airlines Chapter, Flight Engineers' International Association, AFL–CIO, and American Airlines Chapter Flight Engineers' International Association, AFL–CIO, an unincorporated association, Intervenors.

United States District Court
S. D. New York.
Aug. 12, 1963.

Cohen & Weiss, New York City, for plaintiffs; Henry Weiss, Herbert A. Levy, New York City, of counsel.

Arthur M. Wisehart, New York City, for defendant; George A. Spater, H. Wayne Wile, New York City, of counsel.

Martin C. Seham, New York City, for additional defendants; Edward F. Campbell, Huntington, N. Y., of counsel.

O'Donnell & Schwartz, New York City, for intervenors; Asher W. Schwartz, Walter N. Kaufman, New York City, of counsel.

WYATT, District Judge.

This action was commenced on March 1, 1963 and is at issue on pleadings which have been completed, including an amended complaint of plaintiffs, filed April 12, 1963.

Motions by plaintiffs and by intervenors for preliminary injunctions, and by defendant for a reference to a master, have been determined by an opinion (with findings of fact and conclusions of law) filed earlier on this day. D.C., 227 F.Supp. 674.

The motions now before the Court are (1) a motion by plaintiffs for summary judgment in their favor under Fed.R.Civ.P. 56 (reserving the amount of damages for determination at a hearing) and (2) a motion by defendant to strike an affidavit of Charles H. Ruby, sworn to June 8, 1963, and Appendix A thereto on the ground that said affidavit and appendix (submitted in support of the motion by plaintiffs for summary judgment) violate Fed.R.Civ.P. 56(e) and General Rule 9(g) of this Court.

The additional defendants not only oppose the motion for summary judgment in favor of plaintiffs but, without formal cross-motion, request that summary judgment be entered in favor of the additional defendants.

The opinion, findings of fact, and conclusions of law earlier filed herein by the Court determine that there is no genuine issue as to any material fact, that the issues tendered by plaintiffs in their complaint are cognizable only by NMB because "the administrative remedy is exclusive" (320 U.S. at 336, 64 S.Ct. 146, 88 L.Ed. 76), and that in any event the plaintiffs have no case on the merits.

■ Where a motion for summary judgment has been made under Fed.R.Civ.P. 56, the District Court has authority to enter a summary judgment against the moving party even though there has been no cross-motion for summary judgment. Local 33, Intern. Hod Carriers, etc. v. Mason Tenders, etc., 291 F.2d 496, 505 (2d Cir. 1961). The following reasoning by Judge Medina in the cited case seems peculiarly applicable to the situation in the case at bar (291 F.2d at 505):

"Especially where there are several motions by the respective parties and the evidence of the facts bearing on the issues arising out of the complaint is all before the court in affidavit form it is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been

704

made had defendant made a cross-motion for summary judgment."

Although the Court would grant summary judgment dismissing the amended complaint of plaintiffs on the merits, under General Committee of Adjustment of Broth. of Locomotive Engineers etc. v. Missouri-Kansas-Texas Ry. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943) the proper disposition appears to be a dismissal for lack of jurisdiction over the subject matter. Accordingly, a summary judgment in favor of defendant and of the additional defendants against plaintiffs is granted and the Clerk is directed to enter judgment hereon dismissing the amended complaint of plaintiffs for lack of jurisdiction over the subject matter. As to the intervenors, their claims are directed to be severed and proceeded with separately. Fed.R.Civ.P. 21.

The motion by defendant to strike the affidavit of Charles H. Ruby, and appendix thereto, is denied.

So ordered.